### 23289.   WOODS, guardian, v. VANN.

STEPHENS, J.  1. This is a case in which title to personal property levied upon was claimed by persons other than the defendant in execution, by and through the defendant in execution, who was the mother of the claimants, as their guardian. It not appearing from the entry of the levying officer, or from the evidence, that the mules, wagon, and harness were in the possession of the defendant in execution at the time of the levy, the burden was upon the plaintiff in execution to show that the property belonged to the defendant in execution and was therefore subject to the execution. There being no evidence authorizing the inference that title to the wagon was in the defendant in execution, but the only evidence as to title or ownership of the wagon being that it was bought by the defendant in execution for the claimants, who paid for it with money belonging to the claimants, and there being no evidence whatsoever as to the title or ownership of the harness, the evidence was not sufficient to authorize a verdict finding the wagon and the harness subject to the execution. The evidence not demanding the inference that the mules were paid for with the claimants' money or that they belonged to the claimants, but authorizing the inference that the defendant in execution paid for them with her own money and that they belonged to her and were subject to the execution, the evidence was sufficient to authorize a verdict finding the mules subject to the execution. The verdict finding all the property subject to the execution was, in so far as it applies to the wagon and harness, without evidence to support it, but in so far as it applies to the mules, was authorized by the evidence.

2. The judgment overruling the claimants' motion for a new trial is affirmed on condition that the plaintiff, before the judgment of this court is made the judgment of the court below, consent to a modification of the verdict and judgment so as to render the mules only subject to the execution. Otherwise the judgment overruling the claimants' motion for a new trial is reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Sutton, J., concur. Costs on defendant in error.*

DECIDED JANUARY 17, 1934. REHEARING DENIED FEBRUARY 5, 1934.

*Guy Alford, Ben H. Boatright,* for plaintiff in error.

*I. W. Rountree,* contra.

ON MOTION FOR REHEARING.

The only exception to the verdict and judgment appears in the general grounds of the claimants' motion for a new trial, which were overruled. The bill of exceptions assigns error only upon the judgment overruling this motion. It is recited that the claimants, at the close of the plaintiff's evidence, moved for the direction of a verdict, and that this motion was overruled. No exception lies to a failure to direct a verdict. The general grounds of the motion for a new trial are sufficient to reach any error in this respect. The plaintiff carried the burden of proof as to the mules, the evidence was sufficient to authorize the verdict for the plaintiff finding the property subject in so far as it applied to the mules, but was insufficient to authorize the verdict for the plaintiff finding the property subject in so far as it applied to the other property.

*Rehearing denied.*